**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SEACOAST NATIONAL
BANK,

     Plaintiff,

  vs.

MICHAEL FERDERIGOS;
LESLIE A. FERDERIGOS;
WINDEMERE DOWNS
COMMUNITY
ASSOCIATION, INC.; and
UNKNOWN TENANTS,

     Defendants.

Case No.
6:24-cv-1944-PGB-RMN

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Remand (Dkt. 8), filed November 8, 2024 ("Motion"). Defendants Michael Ferderigos and Leslie Ferderigos responded in opposition. Dkt. 16. The Motion has been referred to me for the issuance of a report and recommendation. Upon consideration, I respectfully recommend that the Court grant the Motion in part and remand this case to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida.

## I.  BACKGROUND

On July 10, 2024, Plaintiff initiated a mortgage foreclosure action against Defendants in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida. Dkt. 1-1. There, Plaintiff seeks to foreclose on a mortgage secured by real property located in Orange County, Florida and owned by Defendants Michael Ferderigos and Leslie Ferderigos. Dkt. 1-1 ¶¶ 1–9. On October 28, 2024, Defendants Michael Ferderigos and Leslie Ferderigos (hereinafter, the "Removing Defendants"), proceeding *pro se*, removed the matter to this Court. Dkt. 1. In the Notice of Removal, the Removing Defendants contend that removal is proper because the Court has federal question jurisdiction over the case. *Id.* at 1–12.

Later, on November 8, 2024, Plaintiff filed the instant Motion to Remand on the basis that the Court lacks subject matter jurisdiction. Dkt. 8. The Removing Defendants responded in opposition. Dkt. 16. The matter is ripe for review.

## II.  LEGAL STANDARD

Federal court removal is governed by 28 U.S.C. § 1441(a), which provides in part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Under Federal Rule of Civil Procedure 12(b)(1), an action must be dismissed if the Court lacks subject matter

jurisdiction. *See Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998). Federal district courts are courts of limited jurisdiction. Parties seeking to invoke that jurisdiction must show that the underlying claim is based upon either diversity jurisdiction (cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs") or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the United States"). *See* 28 U.S.C. §§ 1331, 1332. A case "otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action in brought." 28 U.S.C. § 1441(b)(2); *see also Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) ("For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought.").

Procedurally, removal is governed by 28 U.S.C. § 1446. Removal statutes are strictly construed against removal. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."). Any doubt as to proper subject matter jurisdiction should be resolved against removal. *Id.* The removing party has the burden of proving that jurisdiction exists by a preponderance of the evidence, and when it fails to do so, the case must be remanded. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–1321 (11th Cir. 2001).

## III.  ANALYSIS

Plaintiff argues that this case should be remanded to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, because this Court does not have subject matter jurisdiction. Dkt. 8 at 1–2. In the Notice of Removal, it appears the Removing Defendants base their assertion that the Court has subject matter jurisdiction through the existence of a federal question. Dkt. 1. The basis being their federal counterclaims, and the underlying mortgage foreclosure claim allegedly being completely preempted by federal law. Dkt. 1 ¶¶ 1–2, 6–7, 13, 15.

Upon review of the Notice (Dkt. 1) and the Complaint (Dkt. 1-1), I find that Plaintiff is correct, and remand is required. The Removing Defendants have failed to demonstrate by a preponderance of the evidence that the Court has jurisdiction over this action. The Removing Defendants' contention that federal question jurisdiction is established by their counterclaims is misguided and their preemption argument is unpersuasive.[1]

In the Motion, Plaintiff begins by contending that the Complaint asserts one claim for state law mortgage foreclosure and the Removing Defendants cannot establish federal question jurisdiction by asserting federal counterclaims. Dkt. 8 at 4–5. They are correct. It is well-established that "the federal question must appear on the face of a well-pleaded complaint applies in removal cases." *Heidt v. Mid-State Fed. Sav. & Loan Ass'n,* 594 F. Supp. 695, 696 (M.D. Fla. 1984). The Complaint solely presents a claim for

---

[1] As the Removing Defendants do not allege diversity jurisdiction, I will not discuss it in the spirit of judicial economy.

mortgage foreclosure under Florida law, and so it does not present a federal question on its face. *See* Dkt. 1-1. Federal courts have also made clear that a party cannot establish federal question jurisdiction in a foreclosure action through defensive pleadings—such as counterclaims. *See, e.g.*, *Deutsche Bank Nat. Tr. Co. v. Benaway*, No. 2:13-cv-108, 2013 WL 3270399, at *2–3 (M.D. Fla. June 26, 2013) (remanding case where defendants tried to establish federal question jurisdiction through defensive pleading in a foreclosure action and collecting cases holding same). Thus, I find that the Court does not have subject matter jurisdiction over this action.

As to the Removing Defendants preemption argument, I find that doctrine does not apply. Complete preemption is a "narrow exception to the well-pleaded complaint rule and exists where the preemptive force of a federal statute is so extraordinary that it converts an ordinary state law claim into a statutory federal claim." *Gables, Inc. v. Blue Cross & Blue Shield of Fla, Inc.*, 813 F.3d 1333, 1337 (11th Cir. 2015). The "removing party bears the burden of demonstrating complete preemption and, where jurisdiction is not absolutely clear, the Eleventh Circuit favors remand." *Lee Mem'l Health Sys. v. Blue Cross & Blue Shield of Fla., Inc.*, 248 F. Supp. 3d 1304, 1310 (M.D. Fla. 2017) (internal quotation marks omitted).

"The Supreme Court and the Eleventh Circuit have found complete preemption under only three statutes: (1) Section 301 of the Labor Management Relations Act; (2) Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA); and (3) Sections 5197 and 5198 of the National Bank Act." *Hentz v. Kimball Transp., Inc.*, No. 6:18-cv-1327, 2018 WL 5961732, at *3

(M.D. Fla. Nov. 14, 2018) (citation omitted). None of these statutes are at issue or apply in any way to this action.

That Plaintiff is a national bank does not pull this matter into the purview of the National Bank Act. Section 5197 of that act provides that the appropriate rate of interest that a national bank may charge its customers is "interest at the rate allowed by the laws of the State . . . where the bank is located." 12 U.S.C. § 85. Section 5198 provides civil remedies for national banks charging interest at a rate that violates this interest limitation. 12 U.S.C. § 86. Neither statute applies to this state law mortgage foreclosure action as there are no allegations of the rate of interest on the underlying mortgage. Thus, this case is not subject to complete preemption and I recommend remand as the Court does not have subject matter jurisdiction.[2]

Plaintiff also requests that the Court award attorney's fees for the removal of this action pursuant to 28 U.S.C. § 1447(c). Dkt. 8 at 11. Under Section 1447(c), a court may require payment of just costs and expenses, including attorney's fees, incurred because of the removal. 28 U.S.C. § 1447(c). Plaintiff asserts it is entitled to fees because the Removing Defendants' removal was improper. Dkt. 8

---

[2] I also note that the Notice is procedurally deficient in that it does not indicate whether the Removing Defendants received consent to remove this action from the other Defendants prior to filing the Notice. "[I]n cases involving multiple defendants, all defendants must consent to removal." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001). This requirement "must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." *Id.* (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)).

at 11. Under the plain language of Section 1447(c), an award of fees is permissive. The Removing Defendants are acting *pro se* and this litigation is still in its infancy. Though the Court could award fees, I do not believe an award of fees would be in the interests of justice. Thus, I recommend that the Court not award fees to Plaintiff.

## IV.  RECOMMENDATION

Accordingly, I respectfully **RECOMMEND** the Court:

1.  **GRANT in part and DENY in part** Plaintiff's Motion to Remand (Dkt. 8);

2.  **GRANT** the Motion to Remand and **REMAND** this case to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida;

3.  **DIRECT** the Clerk of Court to send a certified copy of the Order remanding the case to the Ninth Judicial Circuit, in and for Orange County, Florida;

4.  **DENY** Plaintiff's request for fees;

5.  **DENY without prejudice** the remaining pending motions (Dkts. 2, 17, 21, 25), which may be re-filed in state court, as needed; and

6.  **DIRECT** the Clerk of Court to close the file.

### Notice to Parties

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure

to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on February 26, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Paul G. Byron

Counsel of Record

Michael Ferderigos
Leslie Ferderigos
10454 Birch Tree Lane
Windermere, Florida 34786